UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAKESHA MITCHELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:24-cv-00035-JPH-MKK ) |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Lakesha Mitchell's petition for a writ of habeas corpus seeks relief from her conviction and sanctions in prison disciplinary case MCU 23-10-0662. For the following reasons, her petition is **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass.*

*Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On October 26, 2023, Correctional Officer Jordan Brown wrote a conduct report that charged Ms. Mitchell with offense A-113, trafficking. Dkt. 20-1. The report states:

> On 10/26/2023 at approximately 1530 hours I Correctional Officer Jordan Brown was walking from Blank Center to Blank South Lowers North Foyer when I witnessed Incarcerated Individual Mitchell, Lakesha DOC#237289 pass off a green item to Jennings, Nikaria DOC#294192. Upon searching the item Incarcerated Individual Mitchell passed off I found a green sweater that concealed two tampon sized rolls of a brown leafy substance wrapped in clear plastic and black tape.
>
> Per Adult Disciplinary Process Appendix I: Offenses, Trafficking A 113 Giving, selling, trading, transferring or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in another manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee or possessing an amount of contraband/prohibited property where intent to transfer may be inferred. Incarcerated Individual Mitchel knowingly passed off contraband to Incarcerated Individual Jennings.

*Id.* (paragraph break added).

When notified of her rights and given a copy of the conduct report and screening report, Ms. Mitchell pleaded not guilty. Dkt. 20-2. She requested offender Nikaria Jennings as a witness and as physical evidence requested camera footage from 1520 to 1550 of Blank South Lower foyer/stairwell and South Lower hall. *Id.*

Offender Jennings' written statement said: "Lekesha Mitchell handed me a green sweatshirt no it did not have anything in it She had no knowledge of the tabacco I was caught with."  Dkt. 20-4 (original errors).

Disciplinary hearing officer (DHO) Cosby reviewed the requested video and provided the following summary:

Conducted review for 10/26/2023 for 1520-1550:

03:20:28 – Mitchell enters the foyer from the center foyer with two other individuals.
03:21:17 – Mitchell is walking up the stairs carrying a green clothing item in her hand.
03:21:23 – Mitchell enters the Blank South upper.
03:28:10 – Mitchell goes down the stairs holding the green clothing item and is in the foyer standing towards BSL hallway.
03:28:16 – On the other side of the door Jennings walks up to the door
03:28:30 – Jennings steps into the foyer where Mitchell is at.
03:28:43 – Ofc. Brown enters the foyer from the center area.
03:28:45 – Jennings is seen walking away from the foyer area holding the green clothing item. 03:29:06 – Ofc. Brown stops Jennings and walks to a room and leaves with the green cloth item. 03:29:06 – Mitchell remains in the foyer.
03:29:31 – Mitchell opens the door to the hallway and stands in the doorway.
03:31:15 – Mitchell begins to walk up the stairs, and Sgt. Love enters the foyer and enters the hallway of Blank south tower.
03:31:24 – Mitchell enters BSU and is no longer holding the green clothing item.
03:32:06 – Ofc. Brown enters his office holding the green clothing item and Sgt. Love enters behind him.
03:36:02 – Ofc. Young comes on to the unit and enters the office.
03:37:34 – Mitchell comes down the stairs again and now holding a black cloth item.
03:37:55 – She hands the black item to another incarcerated individual.
03:38:27 – The other individual enters the hallway of blank holding the black item in her hand. 03:38:34 – Another individual comes into the foyer holding a tablet and begins speaking with Mitchell.
03:38:52 – Sgt. Love enters the foyer and begins to speak with Mitchell.
03:39:36 – Mitchell and Sgt. Love begin to walk upstairs to BSU.
03:39:45 – They both enter BSU. - nothing further to report/End of review.

Dkt. 20-6.

At the hearing, Ms. Mitchell provided the following statement:

> I asked for the camera footage to show that I came and brought her the green sweat shirt and it was not even for Nikaria it was for someone else. I gave the sweat shirt to Nikaria. That was when Brown came through and followed Nikaria to the room. Ember asked if I had a pair of black shorts in the foyer, I went back up and grabbed the shorts and came back down with them. Sgt. Love came to me and had me go upstairs and conducted a strip search. I am not an outside crew. Trafficking is not fair, this should not be a class A because I was never in possession of tobacco. Nikaria admits to having it and even states that I had no knowledge of tobacco. Ofc. Brown should have stopped and grabbed the sweat shirt when he walked through if he was suspicious of it. Instead he waited and took the item in Nikaria's room.

Dkt. 20-5 (original errors).

The DHO found Ms. Mitchell guilty of A-113, trafficking, after considering the witness statement from Ms. Nikaria, Ms. Mitchell's statement, and the conduct report. *Id.* The DHO reasoned:

> The report of conduct written by Ofc. Brown states that he witnessed Mitchell pass off a green item to Jennings. Mitchell had no authorization from the Warden or Designee to give, transfer an item to another incarcerated individual. The item was confiscated from the individual that Mitchell passed the item to and the item was searched and contraband was found.

*Id.*

The DHO sanctioned Ms. Mitchell with a 90-day loss of good time credit. *Id.* Ms. Mitchell's appeals were denied. This habeas action followed.

### III. Discussion

Ms. Mitchell asserts three grounds in her petition: 1) the sanctions violated the equal protection clause; 2) there was insufficient evidence; and 3) another inmate claimed ownership of the contraband. Dkt. 1 at 2–3.

### A. Equal Protection

Ms. Mitchell first asserts that another offender, Susan Johnson, was found guilty of trafficking tobacco and was only convicted of a class C offense. On this basis, she argues that her equal protection rights were violated when she was sanctioned with a class A offense.

The Equal Protection clause directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). "[T]he Equal Protection Clause protects against intentional discrimination on the basis of race or national origin...." *De Lima Silva v. Dept. of Corrections,* 917 F.3d 546, 559 (7th Cir. 2019); *see also Lauderdale v. Ill. Dept. of Human Services,* 876 F.3d 904, 909-10 (7th Cir. 2017) ("The equal protection clause of the Fourteenth Amendment protects individuals against intentional, arbitrary discrimination by government officials.") (internal quotation omitted). Ms. Mitchell alleges she was judged more harshly than another inmate. She has presented no evidence, however, that the different offenses and sanctions were the result of intentional discrimination based on a protected class, rather than other factors. This claim therefore does not entitle her to relief.

### B. Some Evidence

Ms. Mitchell next argues that there is no evidence supporting the conclusion that the green sweater had tobacco in it when she possessed it.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274. The "some evidence" standard

5

is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

It is undisputed that the tobacco was discovered in the green sweatshirt that Ms. Mitchell passed to Ms. Jennings. In this case, the conduct report provided "some" evidence allowing a reasonable inference that there was tobacco in the sweatshirt when it was possessed by Ms. Mitchell. As noted, the Court cannot give more weight to Ms. Jennings' statement than to any other evidence. There was no due process error in this regard.

### C. Exculpatory Evidence

For her final claim, Ms. Mitchell argues that because Ms. Jennings admitted to possessing the tobacco, the charge against Ms. Mitchell should be vacated. This claim is essentially the same as the challenge to the sufficiency of the evidence. Although there was some exculpatory evidence provided by Ms. Jennings admitting that the tobacco was hers, that does not require the DHO or the Court to conclude that Ms. Mitchell did not pass the sweatshirt with the

6

tobacco in it to Ms. Jennings. The DHO explained the reasoning for how she weighed the evidence. The DHO did not have to credit Ms. Jennings' statement. There is some evidence that supports the conclusion that Ms. Mitchell trafficked the contraband, and the Court cannot reweigh the evidence presented. Therefore, this claim does not entitle her to relief.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Mitchell to the relief she seeks. Accordingly, Ms. Mitchell's petition for a writ of habeas corpus must be **denied.** Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 12/16/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LAKESHA MITCHELL
237289
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
ben.jones@atg.in.gov